IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 CV 00810 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dyson Technology Limited ("Plaintiff") in this "Schedule A" case moves for default judgment against 38 defaulting defendants ("Defendants") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the Court denies Plaintiff's motion for default judgment [52].

**I.      Background**

Plaintiff alleges that it is the owner of U.S. Design Patent No. D853,642 and U.S. Patent No. D852,415, which are designs for a hair styling tool (Dkt. 1 ¶¶ 3, 8.) Plaintiff further alleges that Defendants operate e-commerce stores and sell unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's patents.

Plaintiff now moves this Court to enter default judgment against Defendants and order that: (a) Plaintiff is entitled to a permanent injunction prohibiting Defendants from making, importing, offering for sale, and selling their counterfeit/infringing products; (b) Plaintiff be awarded profits resulting from Defendants' unauthorized use and infringement of Plaintiff's two patents on products sold through the e-commerce stores; (c) for those Defendants for which infringing product revenue is unknown, Plaintiff is entitled to all assets in those Defendants' financial accounts, as well as any newly discovered assets, but no less than $250; and (d) for those Defendants for which infringing

1

product revenue is known, Plaintiff is entitled to the greater amount between the restrained funds and the known infringing product revenue, but no less than $250.

## II. Legal Standard

Default judgment requires two steps: (1) the establishment, or entry, of the default; and (2) the actual entry of a default judgment. See Fed. R. Civ. P. 55(a)–(b). "Upon entry of default, 'the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Myles v. Reighter*, 2018 WL 1542391, at *2 (N.D. Ill. Mar. 28, 2018) (Castillo, J.) (quoting *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)). To receive a default judgment, "the plaintiff still must establish his entitlement to the relief he seeks." *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. *See also United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972) (holding that the entry of default "does not of itself determine rights"); *Sawyer v. Columbia College*, 2013 WL 587532, at *2 (N.D. Ill. Feb. 14, 2013) (Dow, Jr., J.) ("Even after entry of an order of default, a district court still must consider (1) whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law and (2) whether the non-defaulting party is entitled to any damages on its claim — and, if so, in what amount — for allegations in a complaint relating to the amount of damages suffered ordinarily are not taken as true.") (cleaned up).

## III. Discussion

Infringement of a patent occurs by the application of "the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale[.]" 35 U.S.C. § 289. "The patented and allegedly infringing designs need not be identical for infringement of a design patent to be found." *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (Kendall, J.) (citing *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997)). In assessing whether a design patent has been infringed, the court should determine "whether an ordinary observer, familiar

with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

The Court finds that default judgment is inappropriate here because Plaintiff has failed to show that the unchallenged facts in the complaint constitute a legitimate cause of action. Plaintiff claims in its motion for default judgment that "Exhibit 1 to the Complaint shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the Dyson Designs." (Dkt. 53 at *6.) Exhibit 1 is a 156-page document containing visual snapshots of various webpages on third-party platforms, including Amazon and Alibaba, of the allegedly infringing products sold by Defendants. (Dkt. 3.) But Plaintiff gives no explanation as to *how* or *why* an ordinary observer would be deceived. For example, Plaintiff does not describe the similarities between its patented products and the allegedly infringing products, including the products' shapes, functionality, colors, or otherwise. Instead, Plaintiff seems to ask this Court to take it at its word that an ordinary observer would be deceived. But mere photographs for the Court to piece together on its own, without any narrative description alongside them, are insufficient to help this Court determine whether the photographs and other facts as alleged constitute a legitimate cause of action, namely infringement of Plaintiff's patents. *See Sawyer*, 2013 WL 587532, at *2.

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for default judgment and vacates the preliminary injunction. The Court orders all assets in Defendants' third-party platform financial accounts to be released. Plaintiff is directed to relay this Order to all third-party platforms implicated in this action.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 9/8/2025